[]'//\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEIR A. GROSSE-RHODE,<br><br>        Plaintiff,<br><br>    -against-<br><br>ANTHONY J. ANNUCCI, Acting Commissioner; THOMAS J. LOUGHREN, Commissioner; DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISIONR with Associate Press,<br><br>        Defendants. | 22-CV-9343 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at Green Haven Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), brings this *pro se* action under 42 U.S.C. § 1983. He invokes his rights under the Fifth, Sixth, Eight, and Fourteenth Amendments to the U.S. Constitution. By order dated November 3, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff is currently incarcerated in Green Haven Correctional Facility, serving a sentence for a 2019 conviction in the Ontario County Court for assault in the first degree and leaving the scene of an incident resulting in serious physical injury without reporting.[2] Plaintiff raises myriad seemingly unrelated allegations in this complaint, including that (1) individuals at Clinton and Great Meadow Correctional Facilities, who are not named as defendants in this action, obtained his signature, based on false representations about a "medical emergency," which aided someone in "procuring [his] DNA" (ECF 2 at 9); (2) in March or April 2021, his television was stolen from A-block, 6 company at Clinton Correctional Facility (ECF 2 at 12); (3) he was deliberately prevented from attending a December 1, 2021 video conference regarding a felony warrant issued for him in Colorado (*id.* at 12); (3) in Washington County, his signature was forged on unspecified documents; (4) in Dutchess County, his legal mail was stolen; and (5) DOCCS and the Associated Press "unlawfully collaborated with Clinton and Dutchess, Washington County, New York. . . . for a concealed absentia rape case." (*Id.* at 9.)

---

[2] *People v. Grosse Rhode*, 194 A.D.3d 1425 (4th Dep't May 7, 2021).

Plaintiff further alleges that he "is not a registered sex offender," and that he is unlawfully confined "due to a . . . mental health psychiatric false . . . diagnosis."[3] (*Id.* at 10.) He contends that:

> [T]he Associated Press in collusion with tortuous proportions of DOCC's extream opprobrious disinformation arrogating the Country of Canada as being 'close proximity' to the town of Danamora in Clinton County USA giving Danamora/ Plattsburgh the power of an (assizes) proxy to orchestrate and conduct whatever prosecutorial endevors they see fit to execute by their dominance in unlawfull preponderance.

(*Id.* at 9.)[4]

Plaintiff identifies three causes of action. The first seems to concern matters arising in Clinton Correctional Facility, including the theft of his television and his confinement in a mental health observation cell. Plaintiff's second cause of action involves his "right to be present at trial and sentencing," and he argues that "DOCCS is concealing a case." (*Id.* at 13.) He states that he seeks to "reveal the deleterious DOCCS and Associated Press orchestrating quid pro quo cloak and dagger de facto jurisprudence is its surfeit need for veneration of their benefactor and demands plaintiffs obsequious, deferential, obeisance wrongfully." (*Id.*) Plaintiff's third cause of action is that he was not provided a copy of a court-ordered mental health examination, as he states is required under N.Y. Crim. Proc. Law § 730. (*Id.*) He also raises concerns about "DOCCS sinecures and Associated Press promulgating [his] mental health diagnosis to the public . . . ." (*Id.* at 14.)

---

[3] According to the Appellate Division decision affirming Plaintiff's 2019 Ontario County conviction, he was determined, after an examination under Section 730.30, to be fit to stand trial. *Grosse*, 143 N.Y.S.3d 650, 651 (The court "properly relied upon the reports of two mental health professionals who found that defendant was competent").

[4] All spelling and punctuation in all quoted material is from the original.

Plaintiff seeks damages and "total injunctive relief and immediate dismis[s]al and reversal of any kind of concealed rape case." (*Id.*) He sues DOCCS Acting Commissioner Anthony Annucci; Thomas Loughren, Commissioner of the New York State Commission of Correction; the "Department of Corrections and Community Supervision with Associated Press."

After filing the complaint, Plaintiff submitted numerous letters raising different matters. ECF 6 (letter dated Dec. 2, 2022, stating that "if DOCCS Inmates Accounts is arrogating my 'absentia' in that I am not residing here in Green Haven C.F., this is very illegal and spurious"); ECF 7 (letter dated Dec. 14, 2022, stating that "I have a suspicion that DOCCS Inmate Movement & Control is the Quisling in this convoluted muchrack. Inasmuch as it had established a new DIN number before illegally convicting me in false 'absentia' in Clinton Correctional Facility in addition to having zero arrests or warrants for this absurd ostensible rape. This fits into DOCCS concealing a case and violating (Certiorari)"); ECF 8 (letter dated Jan. 2, 2023 regarding "EXISTING ONTARIO COUNTY CASE NO. 18-10-119, FBI NO. 385090WB3 ETC."); and ECF 9 (letter dated Jan. 2, 2023 regarding "EXISTING ONTARIO COUNTY CASE #18-10-119, NYSID #14401742N, CJIS #6871245014" - DOCCS continues to threaten my family and announces every day that there is zero release date for me due to some endorsement from their "office," 1220 Washington Ave., Harriman State Campus, Albany, NY 12226").

## DISCUSSION

**A.      Short and Plain Statement of Claim**

Although he Court is obliged to construe *pro se* pleadings liberally, *Harris*, 572 at 72, and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman*, 470 F.3d at 474 (emphasis in original), the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits. To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of

4

Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not provide a short and plain statement explaining what happened that gives rise to his claims. The allegations seems to suggest that Plaintiff has or will face charges of rape (possibly in Colorado or Canada) but that he has been prevented in some way from participating, either by policies of the DOCCS or by particular individuals at Clinton Correctional Facility.[5] Plaintiff also seems to raise claims that, on an unspecified date, also at a facility outside this district, he was detained for mental health observation and his television was either confiscated by the facility or stolen by other prisoners. Finally, he seems to suggest that there was inappropriate handling of the results of his mental health examination, which took place in connection with the Ontario County sentence that his is currently serving; results were

---

[5] Clinton Correctional Facility is in Clinton County, which is in the Northern District of New York. 28 U.S.C. § 112(a). If Plaintiff's claims arose in Clinton County, he may wish to dismiss this action and refile his claims in the Northern District of New York, or ask that this action be transferred to the Northern District of New York, where venue would lie.

not provided to him (or possibly not provided to the attorney representing him) or were inappropriately provided to the Associated Press.

A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). *See also Bardwil Indus. Inc. v. Kennedy*, No. 19-CV-8211 (NRB), 2020 WL 2748248, at *4 (S.D.N.Y. May 27, 2020) (dismissing a claim where the defendant was "left to guess not only which factual contentions are asserted against him, but also which of those contentions are the basis for [the] plaintiff's claim" and noting that "[s]uch guesswork is antithetical to the fair notice that Rule 8 requires" (internal quotation marks omitted)). Plaintiff's complaint, which require the reader to guess what claims he is making and what occurred, is insufficient to provide any defendant with fair notice of the claim, and thus does not comport with Rule 8.

**B.     Proper Defendants**

None of the defendants named in this action is amenable to suit on these facts. Plaintiff does not allege that either state official (DOCCS Acting Commissioner Annucci or Commissioner Loughren of the New York State Commission of Correction) was personally involved in violating his rights, and Plaintiff thus fails to state an individual-capacity claim against either defendant. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Plaintiff also cannot sue Defendants Annucci and Loughren in their official capacities for damages, and he cannot sue DOCCS, because all of these defendants enjoy Eleventh Amendment immunity from suit in federal court for such claims. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh

Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."). Plaintiff does seek injunctive relief, in the form of an order requesting that any "concealed" conviction for rape be vacated, but such relief is not available in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that a writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).[6] Plaintiff's claims against Defendants Annucci, Loughren, and DOCCS must therefore be dismissed for failure to state a claim and based on Eleventh Amendment immunity. 28 U.S.C. § 1915(e)(2)(b)(ii), (iii).

Plaintiff sues the "Department of Corrections and Community Supervision with Associated Press," and thus may have intended to name the Associated Press as a separate defendant. As a private entity, rather than a state actor, the Associated Press is not a proper defendant in a civil rights action under Section 1983. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). In addition to bringing a federal claim, Plaintiff may also have intended to bring a state law claim against the Associate Press or another defendant. Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

---

[6] A petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 must be brought in the district where the petitioner was convicted and is generally timely only if brought within one year of the date that judgment becomes final, upon the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244 (d)(1)(A). A petitioner generally must exhaust his federal claims by presenting them to the state court through one complete round of review before raising them in a Section 2254 petition.

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[7] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[8] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

---

[7] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[8] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.[9]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[9] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-9343 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and based on Eleventh Amendment immunity, and the Court will decline to exercise supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 13, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Page 4

Page 1

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____     _____
Dated                                                         Plaintiff's Signature

_____     _____     _____
First Name                     Middle Initial                    Last Name

_____
Prison Address

_____     _____     _____
County, City                           State                          Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____