UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEIR A. GROSSE-RHODE, | |
| Plaintiff, | |
| -against- | 22-CV-9343 (LTS) |
| T. RUMSEY, et al., | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated at Green Haven Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff invokes the Court's federal question jurisdiction and asserts claims under 42 U.S.C. § 1983. By order dated January 13, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on January 30, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his amended complaint, Plaintiff alleges the following facts:[1]

I. Green Haven C.F. FOIL coordinator has and is repudiating FOIL requests for audio and video surveillance from A block camera #CS-07013 and #CS-07014 and audio #M-0712. (I petition this court to subpoena these above mentioned surveillance for the last 2 months.) Ms. or Mr. T. Rumsey denies my requests perpetually.

---

[1] All spelling and punctuation from quoted material is from the original.

> II. Anthony J. Annucci: if not him then who else is the direct executive manager of the "office"? [Albany is] where a false criminal dossier for plaintiff is being held (unlawful concealment!). . . . [2]
>
> III. As in my previous claim, the original is paramount due to my exhibits. One such exhibit is the New York Center of Psychiatric Health and its Commissioner Ann Marie T. Sullivan's negligence in as much that my OMH file is not forthcoming from their office located in Marcy. They inform me that the OMH record is in the correctional facility I am in. So then Great Meadows OMH tell[s] me that the FOIL for this office falls under the auspices of the Marcy OMH office. Article 33 of their Hygiene Law does not prevent my access to my OMH file.

(ECF 15 at 5.)

Plaintiff states, in response to a question on the Court's amended complaint form about damages:

> I have enclosed another xerox of my IPC ticket (exhibit A) Involuntary Protective Custody from Great Meadow C.F. whereupon plaintiff, me, receive physical damage. Any furtive County or Town court proceeding must be rendered null void. Due process being violated regardless of district jurisdiction.

(*Id.*)[3]

In his prayer for relief, Plaintiff asks "this Court to obtain and review the Green Haven C.F. audio and video . . . for the past two months" and to assist him in obtaining his "whole criminal dossier and mental health file." (*Id.* at 5.)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the

---

[2] In his original complaint, Plaintiff alleged that DOCCS and the Associated Press had "unlawfully collaborated with Clinton and Dutchess, Washington County, New York. . . . for a concealed absentia rape case." (ECF 2 at 9.)

[3] The involuntary protective custody hearing determination from July 2022, indicates that Plaintiff was assaulted by three unidentified inmates "in the big yard." (ECF 15 at 6.) Plaintiff's request for surveillance video, by contrast, seeks video of "A-block" for the past two months.

3

United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Section 1983 does not provide a claim for "violations arising solely out of state law." *Driscoll v. Townsend*, 60 F. Supp. 2d 78, 81 (S.D.N.Y. 1999); *see also Holcomb*, 337 F.3d at 224.

Plaintiff brings his claims against public officials seeking his criminal and mental health documents and video footage under the New York State FOIL law, N.Y.S. Public Officers Law §§ 84-90. A suggested violation of FOIL does not support a Section 1983 claim. *See, e.g.*, *Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 535 (S.D.N.Y. 2014) ("[M]any of Plaintiff's allegations – *e.g.*, that the Town refused to fulfill FOIL requests . . . – involve state law, not federal constitutional violations."). Where a plaintiff's state FOIL request is denied, his remedy is to challenge that denial in an Article 78 proceeding in state court – not in a federal civil rights action. *See Hudson v. Cnty. of Dutchess*, 51 F. Supp. 3d 357, 370-71 (S.D.N.Y. 2014). Plaintiff's allegations that his FOIL requests have been denied does not state a cognizable federal claim under Section 1983. Accordingly, the Court dismisses Plaintiff's Section 1983 claim, premised on alleged violations of his rights under the New York FOIL, for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

---

[4] According to public information on the DOCCS website: "FOIL does not handle requests to access an incarcerated individual's medical records under Public Health Law 18, the Health Insurance Portability and Accountability Act (HIPAA), or Health Service Policy 4.10. Requests for medical records should be directed to the Facility Medical Director." *See also Johnson v. Annucci*, No. 2015-876, 2016 WL 3440262, at *2 (N.Y. Sup. Ct. June 07, 2016) (noting that the DOCCS Health Services Policy Manual provides that "[r]equests for copies of health records need to be processed at the inmate's owning facility").

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Nothing in this order prevents Plaintiff from pursuing a challenge to the denial of his FOIL requests in an Article 78 proceeding in state court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's Section 1983 claims, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

Dated:   April 3, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge